```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  07-23197-Civ-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
```

AARON K. MARSH,                 :

    Petitioner,             :

v.                              :        <u>REPORT OF</u>
                                         <u>MAGISTRATE JUDGE</u>
ROBERT BUTTERWORTH,             :

    Respondent.             :
_____

Aaron K. Marsh, a former state prisoner currently in the custody of Florida's Department of Children and Family Services ("DCF"), has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, seeking habeas corpus relief from his conviction of aggravated battery entered on a plea of guilty in Dade County Circuit Court case number 97-31148.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition the Court has the response of the state to an order to show cause with multiple exhibits.

Marsh makes the following claims:

    1.   His plea of guilty was not knowing and voluntary where he was misadvised by the court, defense counsel, the state attorney, and his probation officer.

    2.    His petition for a writ of error coram nobis was wrongfully denied where the court and state failed to inform him of the impact of the Jimmy Ryce Act during his plea colloquy, and the state breached the plea agreement.

    3.    Appellate counsel rendered ineffective assistance by failing to keep his appeal alive until the Florida Supreme Court reviewed <u>State v. Harris</u>, 881 So.2d 1079 (Fla. 2004), a decision which would have benefitted his case.

    4.    Newly discovered evidence of prosecutorial misconduct rendered his plea involuntary.

    5.    He received ineffective assistance of defense counsel who failed to challenge the state's failure to disclose that the victim was deported before entry of the guilty plea.

    6.    His appellate lawyer rendered ineffective assistance by failing to raise the issue of trial counsel's ineffectiveness in failing to argue prosecutorial misconduct in not disclosing the victim's deportation.

    7.    His Rule 3.850 motion was wrongfully denied as successive.

On November 6, 1997, Marsh was charged by information with aggravated battery (Counts 1-3), false imprisonment (Count 4), and battery (Counts 5-7). [DE 15, Ex.A] On March 10, 1999, he entered a negotiated plea of guilty to the three counts of aggravated battery, in exchange for which the state nolle prossed the remaining counts of the information and waived Marsh's adjudication as a prison releasee reoffender. [[DE 14, Ex.B] Marsh was sentenced as a violent career criminal to serve two years in prison, followed by 18 months probation. [DE 14, Ex.C]

Marsh thereafter commenced a lengthy and vigorous campaign for state collateral relief from his convictions. Because those proceedings are chronicled in detail in the state's comprehensive response to the order to show cause [DE 12], only those that are directly pertinent to Marsh's federal claims will be discussed in this report.

On August 18, 1999, the state filed a petition seeking Marsh's involuntary civil commitment as a sexually violent predator pursuant to Florida's "Jimmy Ryce Act," Fla.Stat. §§394.910-394.930 (1999). [DE 14, Ex.L] The trial court entered an order determining that there was probable cause to believe that Marsh was a sexually violent predator eligible for civil commitment, and directed that he be detained and placed in the custody of the respondent DCF. [DE 14, Ex.J, M] The respondent reports that the civil commitment proceedings remain pending. [DE 12 at 5][1]

On June 8, 2000, Marsh, through counsel, filed a motion to vacate the plea or in the alternative for a writ of error coram nobis, asserting that the plea was involuntary because both the court and his defense attorney failed to apprise him that a consequence could be his civil commitment under the Jimmy Ryce Act. [DE 14, Ex.L] At a hearing on the motion, the trial court determined that civil commitment under the Jimmy Ryce Act was a collateral consequence of the plea about which neither defense counsel nor the court was obliged to inform Marsh. [DE 12 at 8] The

---

[1]The basis for the finding that Marsh qualified as a violent sexual predator was his conviction of sexual battery in Dade County Circuit Court case number 86-21149, for which he was sentenced to twelve years imprisonment. [DE 14, Ex.L, Sub.Exs. Judgment & Sentence] His application for federal habeas corpus relief from that conviction was denied by the Honorable Edward B. Davis, former United States District Judge, in case number 91-501-Civ-Davis.

Case 1:07-cv-23197-JAL   Document 16   Entered on FLSD Docket 06/27/2008   Page 4 of 12

court also consulted the transcript of the colloquy and found that it would negate any contention that counsel had affirmatively misadvised Marsh as to the consequences of the plea. [Id.] The court denied Marsh's motion on that basis, but that result subsequently was reversed for an evidentiary hearing on Marsh's claim that his plea was involuntary. Marsh v. State, 804 So.2d 617 (Fla. 3 DCA 2002).

The hearing mandated by the appellate court was conducted on June 3, 2002. [DE 15, Ex.EE] Defense counsel testified that he knew the charges in the instant case would not render Marsh eligible for civil commitment, but he did not know that Marsh's prior convictions, see n. 1, supra, could be used to trigger the Ryce Act provisions. Marsh himself testified that he was unaware of the Ryce Act or its implications, and stated that he would not have accepted the plea offer had he known that he would not be released upon completion of the two-year sentence. Marsh v. State, 849 So.2d 1178, 1179 (Fla. 3 DCA), rev.denied, 886 So.2d 227 (Fla.), cert.denied, 544 U.S. 981 (2005). At the conclusion of the hearing, the court again denied relief, based on the finding that commitment under the Jimmy Ryce Act is civil in nature and therefore is a collateral consequence of a plea. [Id. at 54-56]

The trial court's holding subsequently was affirmed in an authored opinion where the court found expressly that "civil commitment under the Ryce Act is a collateral consequence of the plea in this case, and neither the trial court nor defense counsel had a duty to advise Marsh of the potential collateral consequences of his plea." Marsh v. State, supra, at 1179-80. The court also found that there was "absolutely no record support for Marsh's contention that he was affirmatively misled either by the trial court or his counsel," but instead, "[t]he undisputed record

evidence indicated that prior to the plea, defense counsel merely opined that Marsh would be released from prison soon based upon the time he already served." Id. at 1180. Lastly, the court rejected the contention that the state violated the plea agreement by seeking civil commitment after Marsh had completed his sentence of incarceration, because "any bargain struck by a defendant in a plea agreement in a criminal case has no bearing on a subsequent involuntary civil commitment for control, care and treatment." Id. at 1180-81.

While the foregoing proceedings were ongoing, Marsh filed three additional motions to vacate his plea in the trial court. [DE 14-15, Ex.S -BB, LL-OO] All were unsuccessful and are noteworthy here only because in the first such motion, Marsh raised the argument that the state failed to disclose evidence favorable to him that the victim had been deported. [DE 14, Ex.S] Relief was denied in a form order [DE 14, Ex.T], and that determination was upheld without explanation. Marsh v. State, 837 So.2d 986 (Fla. 3 DCA 2002)(table).

After additional state collateral proceedings which were denied as impermissibly successive and/or untimely, as described by the respondent, this federal proceeding ensued on December 4, 2007.[2]

The respondent argues correctly that this court is without jurisdiction to entertain this petition on the merits. In all of

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 65]

5

his claims before this court, Marsh seeks habeas corpus relief from the aggravated battery conviction entered as the result of his plea agreement. However, information available at the website of the Florida Department of Corrections, http://www.dc.state.fl.us/, confirms that Marsh completed the service of his sentence for that offense and was released from DOC custody on November 11, 2005. Under these circumstances, this court is without jurisdiction to grant the petitioner habeas corpus relief from his state criminal conviction, the sentence for which has fully expired.

Title 28, U.S.C. §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). On the other hand, if the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack, even if was used to enhance the sentence a petitioner is currently serving, so long as the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully. Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001); Daniels v. United States, 121 S.Ct. 1578 (2001). A state conviction and expired sentence are likewise federally unassailable if the possibility exists that they may be used to enhance the sentence imposed for any subsequent crime of which the petitioner may be convicted. Maleng v. Cook, 490 U.S. 488 (1989).

In this case, when Marsh filed this petition on December 4,

2007, he was no longer "in custody" pursuant to the Florida conviction he seeks to challenge, but instead by then was detained in a civil commitment center pursuant to the Jimmy Ryce Act. Florida law is clear that commitment pursuant to that provision is civil rather than criminal in nature, and is based not on the underlying criminal conviction but rather on a clinical evaluation of the subject's present mental condition at the time of the expiration of his criminal sentence. See, e.g., Marsh v. State, supra; Krischer v. Faris, 838 So.2d 660 (Fla. 4 DCA 2003)(civil commitment under Jimmy Ryce Act is not continuing punishment for criminal act, and instead is based on clinical evaluation of present mental condition); Westerheid v. State, 767 So.2d 637 (Fla. 5 DCA), aff'd, 831 So.2d 93 (Fla. 2002)(Jimmy Ryce commitment is not punishment; it provides long-term care and treatment).

Since Marsh in this case seeks habeas corpus relief from his criminal conviction, and since he had expired his sentence and was no longer in custody pursuant to that conviction when this petition was filed, the conviction is no longer open to habeas corpus attack, and this court is without jurisdiction to entertain this petition. Maleng v. Cook, supra.

As an aside, it is noted that even if this court had jurisdiction to entertain Marsh's claims on the merits, he would be entitled to no federal relief. In claims one and two of this petition, Marsh argues that his plea was involuntary and his representation was ineffective because he was not made aware of the possibility that civil commitment could ensue when the plea was entered. However, as was uniformly held by the state courts in Marsh's collateral proceedings, commitment pursuant to the Jimmy Ryce is civil rather than criminal in nature, and is based not on the underlying criminal conviction but rather on a clinical

7

evaluation of the subject's present mental condition at the time of the expiration of his criminal sentence. See, e.g., Marsh v. State, supra; Krischer v. Faris, 838 So.2d 660 (Fla. 4 DCA 2003)(civil commitment under Jimmy Ryce Act is not continuing punishment for criminal act, and instead is based on clinical evaluation of present mental condition); Westerheid v. State, 767 So.2d 637 (Fla. 5 DCA), aff'd, 831 So.2d 93 (Fla. 2002)(Jimmy Ryce commitment is not punishment; it provides long-term care and treatment).

In Morgan v. State, 911 So.2d 162 (Fla. 3 DCA 2005), a defendant claimed as Marsh does here that he received ineffective assistance of counsel in connection with his guilty plea because his lawyer failed to inform him of the possible application of the Jimmy Ryce Act upon his release. The Florida appellate court rejected that assertion on the holding that "[d]efense counsel is not required to inform a client about the collateral consequences of his plea, *Wilson v. State*, 868 So.2d 654, 655 (Fla. 2d DCA 2004), and the application of the Jimmy Ryce Act is a collateral consequence of a plea. *Watrous v. State*, 793 So.2d 6, 11 (Fla. 2d DCA 2001)."

It is well settled under federal law as well that a plea agreement is not rendered unlawful where the defendant is not apprised of its collateral consequences. United States v. Campbell, 778 F.2d 764 (11 Cir. 1985). Pursuant to that principle, collateral consequences of a plea agreement cannot form the basis for invalidating the plea on voluntariness grounds. United States v. Campbell, supra.  Similarly, absent egregious circumstances, a claim of ineffective assistance of counsel based on failure to inform the defendant of the collateral consequences of a plea agreement will not lie. Harris v. United States, 769 F.2d 718, 719 n.1 (11 Cir. 1885)(lawyer's "erroneous prediction concerning parole consequences" is distinguishable in terms of result from "grossly

8

mistaken advice concerning parole consequences"); United States v. Panzardi-Alvarez, 678 F.Supp. 353, 366 (D. Puerto Rico 1988); Houston v. Lack, 625 F.Supp. 786 (W.D. Tenn.), aff'd, 875 F.2d 864 (6 Cir. 1989), and cases cited at 366.

In Castillo v. Sec'y, Dep't of Corrections, 2007 WL 570572 (M.D. Fla. Feb. 20, 2007), the Middle District of Florida considered the same claim Marsh makes here, namely that a §2254 habeas corpus applicant had received ineffective assistance in connection with a plea of guilty to sexual battery because his attorney failed to inform him of the possibility of further confinement pursuant to Florida's Jimmy Ryce Act. The state trial court had denied the claim, reasoning that defense counsel is not required to inform a client about the collateral consequences of a plea. The Middle District also rejected the petitioner's argument, holding:

> '[C]ounsel is not constitutionally ineffective by failing to inform a defendant of 'collateral consequences' of a guilty plea.' *Pickard v. Thompson*, 170 Fed.Appx. 86, 87 (11th Cir. 1006)(quoting *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985)). Florida courts have determined that the application of the Jimmy Ryce Act is a collateral consequence of entering a plea. *See Morgan*, 911 So.2d at 164. Accordingly, the state court's determination that trial counsel was not ineffective for failing to advise Petitioner of the potential future application of the Jimmy Ryce Act is neither contrary to nor an unreasonable application of federal law.

In this case, then, Marsh's contentions that his plea was involuntary and that his attorney provided ineffective assistance in connection with the plea by failing to inform him that his plea

9

might have the collateral consequence of civil commitment under the Jimmy Ryce Act are without merit.

Marsh's third claim, where he accuses appellate counsel of providing ineffective assistance by failing to "keep his appeal alive" until the issuance of the opinion in Harris v. State, 881 So.2d 1079 (Fla. 2004), fails on the facts. The Third District's opinion in Marsh v. State, supra, was issued on July 23, 2003, but did not become final for Florida purposes until the Florida Supreme Court declined to accept the case for discretionary review on December 8, 2004. The opinion in Harris was issued several months prior to that, on May 13, 2004. Therefore, Marsh's appeal remained "alive" at the time Harris was issued, and Marsh's claim of ineffective appellate assistance on that basis is without merit. Cf. Eagle v. Linahan, 268 F.3d 1306 (11 Cir. 2001)(principles of Strickland v. Washington, 466 U.S. 668 (1984), apply in assessing claims of ineffective assistance of appellate counsel).

Claims 4 through 6 of this petition center on Marsh's allegation that he was the victim of prosecutorial misconduct when it was not disclosed that the victim has been deported prior to the entry of his plea in this case. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court established three criteria a criminal defendant must prove in order to establish a violation of due process resulting from the prosecution's withholding of evidence. Specifically, the defendant alleging a Brady violation must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence suppressed was favorable to the defendant or exculpatory, and (3) the evidence suppressed was material. United States v. Severdija, 790 F.2d 1556, 1558 (11 Cir. 1986). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the

proceeding would have been different." United States v. Stewart, 820 F.2d 370, 374 (11 Cir. 1987), quoting, United States v. Bagley, 473 U.S. 667, 682 (1985). In this case, the fact that the victim has been deported would not have changed rendered Marsh's plea involuntary or changed the outcome of his various proceedings. See Adler v. State, 666 So.2d 998 (Fla. 5 DCA 1996)(even though defendant was not advised that the victim and key prosecution witness had died, he failed to show good cause for withdrawing his guilty plea). Therefore, Marsh's claims centering on an alleged instance of prosecutorial misconduct are without merit.

Marsh's seventh and final claim, where he alleges that a Rule 3.850 motion for collateral relief was wrongfully denied as successive, states no claim for federal relief. There is no federal constitutional requirement that the states must provide postconviction review of state criminal convictions beyond a direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987); Griffin v. Illinois, 351 U.S. 12 (1956); McKane v. Durston, 153 U.S. 684 (1894). Therefore, errors or defects in state postconviction proceedings do not render a prisoner's detention unlawful, and he is not entitled to federal habeas corpus relief on such a claim. See, e.g., Sellers v. Ward, 135 F.3d 1333, 1339 (10 Cir. 1998) (allegations of constitutional error which focus only on state postconviction remedies and not the judgment which provides the basis for incarceration are not cognizable); Gee v. Groose, 110 F.3d 1346, 1351 (8 Cir. 1997)(state prisoner's due process claim that trial court wrongfully dismissed motion for postconviction relief as untimely  not cognizable).

Therefore, while it may be of little comfort to Marsh, none of his claims would entitle him to federal relief even if this court had jurisdiction to entertain this petition on the merits.

For the foregoing reasons, it is recommended that his petition for habeas corpus relief be dismissed for lack of subject matter jurisdiction.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 27th day of June, 2008.

UNITED STATES MAGISTRATE JUDGE

cc: Aaron K. Marsh, Pro Se
    Former DC #873137
    Florida Civil Commitment Center
    13613 S.E. Highway 70
    Arcadia, FL 34266-8829

    Nikole Hiciano, AAG
    Department of Legal Affairs
    444 Brickell Avenue
    Suite 650
    Miami, FL 33131