UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23197-CIV-LENARD/WHITE

**AARON K. MARSH**,

      Petitioner,

vs.

**ROBERT BUTTERWORTH et al.**,

      Respondents.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on the Report of the Magistrate Judge ("Report") issued on June 27, 2008 (D.E. 16), which recommends denial of the petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254 ("Petition") filed by Petitioner Aaron K. Marsh ("Petitioner") on or about December 7, 2007.  On July 14, 2008, Petitioner filed his Objections to the Report ("Objections," D.E. 18).  After an independent review of the record, the Court finds as follows:

As described in the Report, the instant Petition under 28 U.S.C. Section 2254 challenges Petitioner's 1999 conviction of three counts of aggravated battery.  (See Report at 2.)  On March 10, 1999, Petitioner entered a negotiated plea of guilty to these counts, and was sentenced as a violent career criminal to serve two years in prison, followed by eighteen (18) months of probation.  (Id.)  Based on information available at the website of the Florida Department of Corrections ("DOC"), it appears that Petitioner completed the service of his

sentence for that offense on August 19, 1999.[1]

Nonetheless, also on August 19, 1999, after the state filed a petition seeking Petitioner's involuntary civil commitment as a sexually violent predator pursuant to the Jimmy Ryce Act, Florida Statutes Sections 394.910-394.930 (1999), the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida issued an order requiring the Department of Children and Family Services ("DCF") to take Petitioner into custody at the end of his incarceration on the aggravated battery conviction. (Report at 3; see also D.E. 14, R. 140-50.) Based on Petitioner's prior 1987 conviction for a sexually violent offense and on an evaluation by a licensed psychologist, the state determined that probable cause existed to believe that Petitioner was a sexually violent offender under the Jimmy Ryce Act, and was eligible for commitment on that ground. (Id.) Petitioner was then placed in the custody of DCF.[2]

Under Section 2254, federal district courts have jurisdiction to entertain habeas

---

[1] Although the Report appears to indicate that Petitioner completed the service of his sentence for his 1999 conviction of three counts of aggravated battery (the conviction which he challenges in the instant proceeding) on November 11, 2005 (see Report at 6), the DOC website indicates that Petitioner was released from DOC custody after completing service of his sentence for that conviction on August 19, 1999. Based on further information on the DOC website, it appears that Petitioner was convicted of an unrelated felony battery offense which occurred on July 23, 2003, for which he was also sentenced to two years incarceration; Petitioner began serving that sentence on November 4, 2004, and was released from DOC custody on November 17, 2005. See http://www.dc.state.fl.us.

[2] It is unclear from the record for how long Petitioner remained in DCF custody after August 19, 1999. Presumably, Petitioner was not in either DOC or DCF custody when he committed the felony battery offense on July 23, 2003. It is also unclear from the record how Petitioner is again in the custody of DCF, but the fact that Petitioner is currently confined pursuant to the Jimmy Ryce Act, and not pursuant to Petitioner's 1999 aggravated battery conviction, is undisputed by Petitioner. (See, e.g., Objections at 6 ¶ 10; id. at 8 ¶ 12.)

petitions only from people who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Supreme Court has held, however, that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired.  See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989); see also Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000).

In this case, as noted in the Report, when Petitioner commenced this federal habeas proceeding on December 7, 2007, he was no longer "in custody" pursuant to the conviction he challenges; rather, he was detained in the Florida Civil Commitment Center pursuant to the Jimmy Ryce Act.  (See D.E. 1 at 1.)  Moreover, Petitioner's Objections do not reveal any basis on which the Court may conclude otherwise.  Accordingly, it is:

**ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 16) is **ADOPTED consistent with this Order**.

2. The habeas petition filed by Petitioner on or about December 7, 2007 (D.E. 1), is **DENIED.**

3. All pending motions not otherwise ruled upon are **DENIED as moot**.

4. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of July, 2008.

*[signature: Joan A. Lenard]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

3